IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LETICIA MCWILLIAMS, | § | |
|    Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:14-CV-975-O |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
|    Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Leticia McWilliams, a state prisoner confined in the Tarrant County jail, against Dee Anderson, Sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that Respondent's motion to dismiss should be granted and the petition dismissed for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Petitioner is serving a four-year sentence, following revocation of her community supervision, for her 2010 Tarrant County conviction for intoxication assault in cause number 1174887D. Pet. at 3; Resp't's Mot. to Dismiss, Attach. "Judgment Revoking Community Supervision," ECF No. 9. In this habeas petition, Petitioner challenges the conditions of her confinement and a disciplinary proceeding conducted at the jail. *Id.* at 5-6. Respondent has filed a motion to dismiss the petition for failure to raise a cognizable claim. Resp't Mot. to Dismiss at 3-5, ECF No. 9.

## II. ISSUES

Petitioner claims (1) she was forced to sleep on the bare cell floor for four days in April and

three days in August 2014; (2) the disciplinary proceeding resulted in solitary confinement and other restrictions; (3) in solitary confinement she was made to "suffer, hurt and endure pain for [her] medical disabilities"; and (4) her legal mail is being opened prior to being given to her and outside her presence. Pet. 5-6, ECF No. 1. She seeks immediate legal assistance and legal protection, immediate release, and monetary compensation for the "hurt, harm and wrong done to" her. *Id.* at 6.

## III. DISCUSSION

As to ground (2), a state prisoner seeking federal habeas review must assert a violation of a federal constitutional right to be entitled to such relief. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). In the context of disciplinary proceedings, habeas relief is appropriate when the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *Cook v. Tx. Dept. of Criminal Justice Transitional Planning Dept.,* 37 F.3d 166, 168 (5th Cir. 1994). Thus, a petition for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of time credits, which could conceivably lengthen an inmate's duration of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1972). This case does not involve the loss of time credits. To the extent the disciplinary proceeding resulted in solitary confinement and other restrictions, which do not impact the fact or duration of confinement, the petition does not raise a cognizable constitutional claim on federal habeas review. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999).

Similarly, as to grounds (1), (3) and (4), challenges to the conditions of Petitioner's

confinement must be brought in a civil-rights complaint pursuant to 42 U.S.C. § 1983.[1] *Nelson v. Campbell,* 541 U.S. 637, 643 (2004).  Such claims, which do not impact the fact or duration of her confinement, are not cognizable on federal habeas review.  *Cook v. Tx. Dept. of Criminal Justice,* 37 F.3d 166, 168 (5th Cir. 1994).

### III.  CONCLUSION

For the reasons discussed herein, Respondent's motion to dismiss is GRANTED and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for failure to state a claim upon which relief may be granted.  Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 26th day of March, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that Petitioner filed a § 1983 complaint raising one of more of the claims raised herein, which was dismissed on December 30, 2014.  Mem. Op. and Order & J., McWilliams v. Tx. Crim. Dist. Ct., Civil Action No. 4:14-CV-863-A, ECF Nos. 17-18.